COURT OF APPEALS
DECISION
DATED AND FILED

June 11, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1589-CR**

Cir. Ct. No. **2020CF518**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TIMOTHY J. BRAATZ,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Columbia County: TROY D. CROSS and ROGER L. KLOPP, Judges. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1  PER CURIAM.  Timothy Braatz appeals a judgment of conviction and an order denying his postconviction motion.  The primary issue is whether Braatz's trial counsel provided ineffective assistance of counsel.  We conclude that Braatz has not established that counsel was ineffective, and therefore we affirm.

¶2  Braatz was originally charged with one count of first-degree sexual assault of a child, as a persistent repeater.  If convicted as a persistent repeater, the circuit court would be required to impose a mandatory life sentence.  He was also charged with a second count of that same offense, also as a persistent repeater, as to a different victim.  Braatz and the State then entered into a plea agreement under which the first count was amended to remove the repeater enhancer, and the second count was dismissed without being read in for purposes of sentencing.  Braatz pled no contest to the amended first count.  The parties also agreed that the State would recommend probation.  At sentencing, the court imposed 17 years of initial confinement and 20 years of extended supervision.

¶3  Braatz then moved to withdraw his plea.  He alleged that his trial counsel was ineffective by not informing him that, in a victim impact statement filed before the plea hearing, the victim requested that the circuit court sentence him to prison.  The court denied the motion after holding an evidentiary hearing.

¶4  To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We need not address both components of the analysis if the defendant makes an inadequate showing on one.  *Id.* at 697.  To demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is

2

one "sufficient to undermine confidence in the outcome." *Id.* We affirm the circuit court's findings of fact unless they are clearly erroneous, but the determination of deficient performance and prejudice are questions of law that we review without deference to the circuit court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶5 To establish prejudice in this case, Braatz must show that, if he had been aware of the victim's request for a prison sentence before he entered a change of plea, the result of the proceeding would have been different because Braatz would have rejected the plea offer and gone to trial. At the postconviction evidentiary hearing, Braatz testified that he would not have pled no contest if he had known of the victim's request that he be sentenced to prison. However, Braatz did not explain the reasoning that would have led him to reject the plea offer. In denying the motion, the circuit court said: "The Court does not find the defendant's assertion credible that he would have taken the matter to trial, facing two mandatory life sentences[,] just because the victim's [sentencing] recommendation to the Court was different than the recommendation being made by the parties."

¶6 On appeal, Braatz does not directly assert that this finding was clearly erroneous. Instead, he points to circumstances that support his testimony that he would not have pled no contest, such as his maintaining his innocence through the proceedings. This is not a sufficient basis for us to conclude that the finding was clearly erroneous, in light of his lack of explanation at the postconviction hearing as to why he would have rejected a plea offer that was favorable to him in amending one count to remove the highly significant persistent repeater status and outright dismissing the other. Because Braatz did not prove that he would have rejected the plea offer, he has failed to show prejudice.

¶7 Braatz also asserts, in a short, undeveloped passage, that apart from his ineffectiveness claim, his plea was not entered knowingly and intelligently because during the plea hearing the prosecutor misstated the sentencing position of the victim. The analysis of this argument is not materially different from the ineffectiveness issue. The claim again boils down to one that Braatz did not know of the victim's request for a prison sentence. However, even if it is true that he did not know, plea withdrawal would not be appropriate unless his possession of that knowledge would have led to a different plea decision. As we have discussed, the circuit court found that it would not have led to a different decision, and we have affirmed that finding.

¶8 Finally, Braatz argues that the circuit court erred because, in denying his postconviction motion, the court did not correctly understand when the victim expressed the request that he be sentenced to prison. This argument is not relevant to the issues we have discussed above. Even if it is true that the court did not properly understand the timing of the victim's request, that does not affect the court's finding that Braatz's knowledge of the victim's request, whenever it was conveyed, would not have changed his plea decision.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.